IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DACKREN COLEMAN, NICHOLAS DELEO,       *
ANTHONY JOHNSON, KEVIN BOYKIN,
DEVIN MCGRAW,
BENJAMIN M. GECAN, ERIK PURPORA,       *
RAYMOND DE LA ROSA, NICHOLAS DORR,
JOSEPH LOUIS KONIECZNY, SCOTT MCGHEE
                                       *

      Plaintiffs                    *

      On Behalf of Themselves and
      Similarly Situated Persons    *

v.                                     *

CORESTAR FINANCIAL GROUP, LLC
                                       *
      Serve On:
      John E. Baum                  *
      Suite 200
      36 South Charles Street       *
      Baltimore, Md. 21230
                                       *
v.
                                       *
TOMAS GORDON
                                       *
      1966 Greenspring Drive
      Suite 610                     *
      Timonium, Md. 21093
                                       *
      Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT - VIOLATION OF FAIR LABOR STANDARDS ACT AND MARYLAND WAGE PAYMENT AND COLLECTION ACT

1. Plaintiffs Dackren Coleman, Nicholas DiLeo, Anthony Johnson, Kevin Boykin, Devin McGraw, Benjamin M. Gecan, Erik Purpora, Raymond De La Rosa, Nicholas Dorr, Louis Joseph Konieczny and Scott McGhee("Plaintiffs"), all prior employees of defendant, bring this action on behalf of themselves and other similarly situated

past and present employees of defendant employer, to recover unpaid minimum wages, overtime compensation, liquidated damages, attorney fees, and costs under the provisions of the Fair Labor Standards Act of 1938, as amended (29 USC Sections 201 et. seq.) referred to herein as the Act.

2. Plaintiffs also maintain this action under the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. Sections 3-501 et. seq. ("Wage Payment Law".)

3. Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 USC Section 216 (b)), and by the provisions of 28 USC Section 1337, relating to any civil liability or proceeding arising under any Act of Congress regulating Commerce. Jurisdiction is also conferred by 28 U.S.C. Section 1367.

4. Plaintiffs Dorr, Purpora, Gecan, De La Rosa, McGhee and Konieczny are parties to an Amended Complaint currently pending before this Honorable Court in Civil Case No. 05-AMD-1248. They file as original plaintiffs in this case to toll the statute of limitations under the Fair Labor Standards Act and other law.

5. Defendant Corestar Financial Group, LLC ("Corestar") is a limited liability corporation organized and existing under the laws of the State of Maryland having its principal office and place of business located in Baltimore County, Maryland, within the territorial jurisdiction of the Court. Defendant has other locations located throughout the United States. At all times relevant, defendant employed plaintiffs and others similarly situated.

6. Defendant Corestar previously did business under the names "First Federal Funding", "Artisan Mortgage" and "American Mortgage Solutions". Corestar is a successor corporation.

7. At all relevant times plaintiffs were employed by Corestar.

8. Plaintiffs' job duties as loan officers involved inside sales activities including using company supplied leads to solicit homeowners interested in refinancing their home mortgages, performing mortgage surveys and evaluations, evaluating credit and developing loan proposals, presenting the proposals to potential borrowers, preparing loan application documents, and occasionally meeting with the borrowers to complete the application process. Once the application packet was completed and signed the loan file was turned over to a separate department for processing. A separate title insurance company performed the loan closing.

9. Plaintiffs' primary duty as loan officers was the sale of financial products.

10. At all relevant times, Corestar was engaged in the business of providing residential mortgages throughout the United States.

11. Defendant Tomas Gordon ("Gordon") is a majority shareholder in Corestar. He determines and administers the compensation of Corestar employees and has operational control over Corestar. Gordon occupied a similar position in First Federal Funding, Artisan Mortgage and American Mortgage Solutions.

12. Corestar is a "person" (29 USC 203(a)), "employer" (29 USC 203(d), and an "enterprise engaged in commerce" (29 USC 203(s)(1)) under the Act.

13. Gordon is a "person" (29 USC 203(a)) and an "employer" (29 USC 203(d) under the Act.

14. At all relevant times defendants employed plaintiffs and others similarly situated in various occupations in connection with the business of defendant employer. In performing the operations described, plaintiff and others similarly situated were engaged in commerce within the meaning of Sections 3 (b), 3(i), 3(j), 6(a), and 7(a) of the Act (29 USC Sections 203 (b), 203 (i), 203 (j), 206 (a), 207(a)).

15. Corestar is an enterprise engaged in interstate commerce whose annual gross volume of sales made or business done is not less than $500,000.

## COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Defendant paid some of the plaintiffs on a commission only basis. At all relevant times defendants paid these plaintiffs and others similarly situated less than the federal minimum wage for hours worked up to forty hours in a workweek and less than time and one half for hours worked in excess of forty in a workweek, contrary to the provisions of Section 6(a) of the Act (29 USC Section 206 (a)).

17. At all relevant times defendants employed the remaining plaintiffs on a salary plus commission basis for many workweeks longer than forty hours worked, and failed and refused to compensate plaintiffs and others similarly situated for such work in excess of forty hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 USC Section 207(a)).

18. At all relevant times the plaintiffs and others similarly situated were advised by defendants and their agents and officers that they should not record their true hours worked on company timesheets but rather should record 40 hours worked regardless of how many hours they worked in excess of forty hours in a workweek.

19. At the onset of their employment Plaintiffs Gecan were not paid for their hours worked while in training.

20. Plaintiffs were not compensated for required attendance at continuing education classes.

21. Plaintiffs were subjected to unlawful deductions from their pay, for financial losses suffered by Corestar such as for the payment of an appraiser's fee by Corestar for a transaction which subsequently did not close. These deductions reduced plaintiffs pay to below the amount required by the Fair Labor Standards Act.

22. The defendants willfully, knowingly and purposely engaged in the compensation practices set forth in paragraphs 17 – 21 above.

**WHEREFORE, plaintiffs request:**

- Judgment against defendants in the amounts respectively due plaintiffs and all other past and present employees of the defendant similarly situated for hours worked up to forty in a workweek and for hours worked in excess of forty hours worked in a workweek as required by the Fair Labor Standards Act at 29 U.S.C. 216 (b);

- Judgment against defendants for engaging in the willful violation of the Fair Labor Standards Act and award of liquidated damages for a period of three years pursuant to 29 USC 216(b) and 29 USC 255 (a).

- Award to plaintiffs from defendants payment of costs under the provisions of the Fair Labor Standards Act; and

- Award to plaintiffs from defendants payment of reasonable attorneys' fees for the prosecution of this action as contemplated by the Fair Labor Standards Act;

- Any other relief that the Court may deem just and proper.


**COUNT TWO – VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT BY DEFENDANTS FOR FAILURE TO PAY REFERRAL BONUSES, TERMINAL BONUSES, IMPROPER WAGE DEDUCTIONS, FAILURE TO TIMELY PAY COMMISSIONS AND FAILURE TO PAY MINIMUM WAGES AND OVERTIME**

A. PAYMENT OF COMMISSIONS/TERMINAL BONUSES

23. At all relevant times Corestar maintained a written policy which stated that where an employee who voluntarily terminates or is terminated for cause the employee forfeits all commissions and bonuses which are earned and payable.

24. Plaintiff loan officers performed all work necessary to earn their commissions and bonuses at the time that the signed loan application was approved.

25. Plaintiffs earned bonuses for loan packages that closed but was not paid for these bonuses.

26. Section 3-505 of the Wage Payment Act requires Corestar to pay plaintiffs and all other similarly situated all wages due for work that the employee performed before the termination of employment. Corestar has failed to pay Plaintiffs and others similarly situated the commissions and bonuses ("wages") which are due and payable under the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

### B. IMPROPER WAGE DEDUCTIONS

27. Corestar engaged in a policy of deducting monies from plaintiffs' paychecks for "financial loss as a result of inappropriate action or conduct on the part of the Loan Officer that is contrary to the provisions and intent of this policy." This policy is set forth in the employee handbook.

28. Pursuant to the policy set forth in paragraph 23 above Corestar regularly deducted wages earned from plaintiffs and other similarly situated employees. Plaintiffs did not expressly authorize in writing the deductions set forth in paragraph 23 above.

29. The deductions by Corestar are in violation of the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

### C. REFERRAL BONUSES

30. At all relevant times Corestar maintained a policy where it paid referral bonuses for those mortgages referred by its employees. While plaintiffs earned said bonuses Corestar failed to pay said bonuses in violation of the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

### D. FAILURE TO PAY EVERY TWO WEEKS OR TWICE IN ONE MONTH

31. At all relevant times Corestar maintained a written policy wherein it paid commissions earned by its loan officers on a monthly basis.

32. Section 3-502 of the Maryland Wage Payment and Collection Act required that payments be paid "at least every 2 weeks or twice per month."

33. At all relevant times Corestar failed to pay plaintiffs as required by the Maryland Wage Payment and Collection Act.

### E. FAILURE TO PAY MINIMUM WAGES AND OVERTIME

34. At all relevant times as set forth at paragraphs 17–22 above Corestar knowingly failed to pay plaintiffs the legally mandated minimum wage and overtime for hours worked.

35. Corestar's failure to pay such compensation is in violation of the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

**WHEREFORE, plaintiffs request**:

- Payment of all wages due including commissions, terminal bonuses, referral bonuses, amounts deducted from pay, and other wage losses due to Corestar's violation of the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

- Payment of treble damages, attorneys' fees and costs under the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-507.1(b) because Corestar's withholding of wages was not the result of a bona fide dispute.

Date: 7/25/05

_____/s/_____
E. Patrick McDermott (Bar No. 07262)
Law Office of E. Patrick McDermott LLC
2666 Ogleton Road
Annapolis, Maryland 21403
410-990-0792

_____/s/_____
William B. Bergen, Jr. (Bar No. 02461)
Law Office of William Bergen, LLC
607 Dreams Landing Way
Annapolis, Maryland 21401
410-224-0535

Case 1:05-cv-02045-AMD    Document 1    Filed 07/27/05    Page 7 of 8

## JURY DEMAND

Plaintiffs respectfully demand trial by jury.

Date: 7/27/05

                                                    /s/
E. Patrick McDermott (Bar No. 07262)
Law Office of E. Patrick McDermott LLC
2666 Ogleton Road
Annapolis, Maryland 21403
410-990-0792